## Case No. 6,478b.

### HIGHTOWER v. HAWTHORN.

[Hempst. 42.] [1]

Superior Court, Territory of Arkansas. Oct., 1826.

PRACTICE AND PLEADING—APPEARANCE—JUDGMENT BY DEFAULT—TENDER OF PLEA.

1. A plea not calculated to surprise the plaintiff, should be received when tendered.

2. Every litigant has an unqualified right to appear by himself or counsel, and to deny this right is a gross wrong.

3. After judgment by default, counsel may appear and cross-examine witnesses, and introduce witnesses in mitigation of damages.

Error to Independence circuit court.

Before JOHNSON and TRIMBLE, JJ.

OPINION OF THE COURT. This was an action of trover and conversion brought by [Thomas N.] Hawthorn against [Joshua] Hightower, in the circuit court of Independence county, and came on to be tried at the July term of that court in 1826, before Justice Scott. By the record it appears that a jury was impanelled and sworn to try the issue between the parties, and afterwards the jury were discharged, no plea having been filed and no issue made up, and judgment by default was entered against the defendant, Hightower, and a writ of inquiry awarded to the next term of the court. By a bill of exceptions signed by William Quarles, Caleb S. Manly, John Ruddle, and A. S. Walker, by-standers, it appears that Hightower, by his counsel, offered to file the plea of the general issue, which plea the court rejected, alleging that Hightower had no right to appear by counsel in the case. By another bill of exceptions signed by William Quarles, Thomas Moore, and John Reed, it appears that the court decided that Richard Searcy, counsel of the defendant, Hightower, had no right to appear, and ordered that the bills of exception tendered to the court should not be filed, noticed, or received by the clerk, and refused to sign either of them. The first point made by the plaintiff in error is, whether the court below ought to have admitted the plea of the general issue. We are of that opinion. It was not calculated to take the plaintiff by surprise, and he having omitted to take judgment by default at the previous term, the cause would stand over, as on an appearance, to the succeeding term. At each continuance, all the rights of both plaintiff and defendant were also continued, and the parties stood in precisely the same attitude that they did at each preceding term.

As to the second point, made in consequence of the court denying to the defendant the right of the counsel to appear in the case. By an act of the legislature of 1807 (Geyer, Dig. 250), parties may appear in person or by attorney. With a knowledge of this statute and the well-known doctrine of the common law on this subject for centuries, we cannot conceive how a court could deny, not only the right of counsel, but the unqualified right of every litigant. To deny the party the right to appear by attorney, is at once shutting out from him that source of information and that exercise of his legal rights which would enable him to make a just and fair defence to the suit brought against him. Even after judgment by default, the counsel for the defendant may contest the right to a recovery of more than nominal damages; may cross-examine the plaintiff's witnesses; may introduce witnesses in mitigation of damages; may make any motion in the progress of the case, and in fact do every thing as in other cases, except he is not permitted to deny the plaintiff's cause of action, and his right to recover nominal damages. Reversed.

---

HIGUERA (UNITED STATES v.). See Cases Nos. 15,362 and 15,363.

---

## Case No. 6,479.

### HIKE v. PROVIDENCE, ETC., R. CO. et al.

[The case reported under above title in 6 O. G. 575, is the same as Case No. 11,163.]