[No. 1379.  Decided January 8, 1895.]

FRANK WALSH ET AL., *Respondents, v.* GEORGE A. COOPER, *Appellant.*

### SALE—PAYMENT BY NOTE—FAILURE TO DELIVER GOODS.

Whether or not the execution and delivery of a negotiable promissory note is effective as a payment of the obligation for which it is given, depends upon the intention of the parties at the time.

Where a promissory note has been given with the understanding that it was "in payment for goods to be delivered," otherwise the note was to be invalid, and the note has not been negotiated nor paid, but remains in the hands of the payee, who has failed to deliver all the goods contracted for, no action can be maintained by the maker against the payee to recover the difference between the amount of the note and the value of the goods actually delivered.

*Appeal from Superior Court, Whatcom County.*

*Bruce & Brown*, for appellant.

*Fairchild & Rawson*, for respondents.

The opinion of the court was delivered by

HOYT, J.—Plaintiffs purchased of defendant a quantity of goods, and in consideration of such purchase made and delivered to him their promissory note, negotiable in form, for the sum of $350, due ninety days after date, and at the time received from the defendant a receipt in substance as follows: "Received from Walsh Bros. $350, one note for above, in payment for goods to be delivered or note to be invalid." There was a failure to deliver all the goods purchased, and this action was prosecuted to recover the value of the goods which were not delivered. It appeared from the undisputed proofs that the plaintiffs had never done any thing towards the payment for any of the goods, excepting to execute and deliver the note above referred to. It also appeared that the defendant had never negotiated the note, and that it was in his possession at the time the action was

tried.   Under these circumstances it is contended by the appellant that no action could be maintained to recover for want of delivery of the goods.   Respondents contend that the note was made and delivered in payment for the goods and that being negotiable in form, the result was the same as though the payment had been made in cash.

As to whether or not the execution and delivery of a negotiable promissory note has the effect of discharging the obligation for which it is given, always depends upon the intention of the parties at the time.   If it is agreed that the note shall be taken in payment, then it will have the effect of satisfying the debt, and the rights of the parties will thereafter be determined upon the note, without any reference to the prior indebtedness, excepting for the purpose of showing the consideration for which the note was given. The respondents, appreciating this principle, endeavored to show that it was the intention of the parties at the time this note was executed that it should be in full payment.   They testify that it was so given, and this testimony would have force were it not for the fact that the receipt given by the defendant, and accepted by them, negatives the testimony so far as it tended to show that the giving of the note had the same effect as would the payment of the money.   That the note was in a contingency to be treated as payment is in no way negatived by the receipt given, but that it was to become the property of the defendant to negotiate at will and thus in substance take the place of cash was directly negatived by such receipt.   Therefrom it clearly appears that it was the intention of the parties that the note should have no validity until the goods were delivered.   And while it is true that the form in which the note was given made it possible for the defendant to put it in the hands of one who could enforce it in accordance with its terms, such fact could have no influence in determining the question as to the intention of the parties in the giving and receiving of the note.   It will not be presumed that the defendant, after having signed a receipt in the above form, would act in opposition to the intention of the parties as therein made manifest.

In our opinion, that part of the transaction evidenced in writing so clearly shows the intention of the parties that the note should only be valid upon the delivery of the goods, that the bare statement in the testimony of the plaintiffs that it was given in payment therefor could not prevail against such written proofs, even if it was inconsistent therewith. But we are not satisfied that there was any absolute inconsistency. In a sense, such note was no doubt given in payment for the goods, and upon their delivery, and the validity of the note under the terms of the agreement having been thus fully established, it was no doubt the intent that the entire transaction should be thereafter evidenced by the note and the rights and obligations of the parties dependent thereon. The note having been given under these circumstances, if there had been no delivery of the goods, there could have been no recovery by the defendant on the note, and the plaintiffs, on account of its invalidity, would not have been in any way injured by having given it, and for that reason could maintain no action for the value of the goods not delivered. And since these circumstances would prevent a recovery for failure to deliver all of the goods, they would also prevent a recovery for failure to deliver a part.

Judgment will be reversed and the cause remanded for a new trial.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.