[No. 17593.   *En Banc.*   January 4, 1924.]

## S. L. AMERICUS, *Appellant,* v. ALBERT A. McGINNIS, *Respondent.*[1]

BILLS AND NOTES (99)—ACTIONS—DEFENSES—FAILURE OF CONSIDERATION. As between the parties, failure of consideration and overreaching and fraud by an attorney is a good defense to an action on a promissory note given for services rendered.

TRIAL (42)—ARGUMENT OF COUNSEL—STATUTES—RIGHT OF PARTY TO ADDRESS JURY. Under Rem. Comp. Stat., § 339, giving the party a right to address the jury in person or by counsel, it is error to refuse to allow an attorney to address the jury in his own case in an action for services wherein he testified; the rule of court precluding argument by an attorney who offers himself as a witness having no application.

APPEAL (422)—REVIEW—PRESUMPTION AS TO EFFECT OF ERROR. Prejudice will be presumed upon a denial of a party's absolute right to address the jury.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered November 29, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action on contract.   Reversed.

*S. L. Americus,* for appellant.
*Crandell & Crandell,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action to recover for services rendered as an attorney at law, his claim being partly evidenced by a note and

[1]Reported in 221 Pac. 987.

partly upon open account. He appeals from an adverse verdict and judgment.

The first claim of error is based upon the refusal of the trial court to strike or sustain a demurrer to the affirmative defenses and cross-complaint. The gist of the issues thus tendered was failure of consideration, and that the note had been procured by appellant while acting as the attorney for respondent, under circumstances and conditions amounting to extortion, overreaching and fraud. Under the well settled rule laid down in 2 R. C. L., at pages 966, 969 and 1037, the issue as to over-reaching and fraud was properly presented, and failure of consideration as between the original parties to a note is always a good defense. *Walsh v. Cooper,* 10 Wash. 513, 39 Pac. 127; *Shuey v. Holmes,* 20 Wash. 13, 54 Pac. 540.

The principal point raised and relied upon for a reversal, however, is that it was error to deny appellant the right to address the jury in his own behalf because he had been a witness in the case. Appellant, who was duly admitted to practice law, was himself the plaintiff in the case, and was the principal witness in his own behalf upon the trial. There was associated with him in the trial another attorney, who examined and cross-examined the witnesses. When the proper time arrived for the plaintiff's opening argument to the jury, appellant presented himself for the purpose of making that argument, and an objection thereto was interposed upon the ground that, under the rule of the superior court "if any attorney shall offer himself as a witness on behalf of his client and give evidence on the merits, he shall not argue the case to the jury, unless by permission of the court," appellant was disqualified by reason of having testified. The objection was sustained, thereby denying "permission of the court," and forcing appellant to depend only upon the argu-

ment which, of course, his associate was permitted to make.

The statute on this subject, Rem. Comp. Stat., § 339 [P. C., § 8504], reads:

"When the charge shall have been given by the court, the plaintiff, or party having the burden of proof, may, by himself, or one counsel, address the court and jury upon the law and facts in the case, after which the adverse party may address the court in like manner, by himself and one counsel or by two counsel, and be followed by the party or counsel of the party first addressing the court. No more than two speeches on behalf of the plaintiff or defendant shall be allowed."

We have heretofore been called upon to consider the effect of this rule and the statute in but one case, *Voss v. Bender*, 32 Wash. 566, 73 Pac. 697, and it was there held that the attorney, not being himself a party to the action, by offering himself as a witness waived his right to make the argument, the court saying:

"The rule is not in conflict with the statute, and is a salutary one, because, where attorneys make witnesses of themselves, and then argue their evidence to the jury, it is often difficult for the jury to draw the line between the evidence and the argument of the attorney. The court in this case did not err in refusing permission to the attorney to argue the case."

a pronouncement to which we still most heartily adhere, but it is not controlling here, because in this case the plaintiff himself proposed to exercise the privilege which the statute accords him, and if his right to do so be an absolute one, it may not be denied under any form of rule or exercise of discretion; nor can it be considered waived unless by clear intention.

It is a well known doctrine of the common law, which has been recognized and observed from time immemorial, that anyone may appear and act in any court as his own attorney. This doctrine is clearly pointed out

in *Hightower v. Hawthorne,* Fed. Cas. No. 6478b, and in
our general statutes governing the admission and con-
duct of attorneys, Rem. Comp. Stat., § 139-4 [P. C.
§ 156], there is contained this proviso:

"Provided, that any person may appear and con-
duct his own case in any action or proceeding brought
by or against him, or may appear in his own behalf in
the small claims department of the justice's court;
. . ."

It seems manifest to us that in the enactment of
Rem. Comp. Stat., § 339, the legislature had this doc-
trine in mind, and when it said "the plaintiff . . .
may . . . . address the court and the jury upon
the law and the facts," it intended to and did grant an
absolute right which cannot be denied by rule of court,
and which may be exercised without permission. If
this be so, surely a party who acts as his own attorney
cannot be put to a choice between testifying in his own
behalf and arguing his case to the jury.

It appears that the associate counsel in this case,
who did address the jury, was an able advocate, and
it may be that appellant suffered no prejudice, yet the
only presumption in which we may indulge is that
prejudice followed the denial of an absolute right such
as this.

Because of the error indicated, the judgment is re-
versed and the case remanded with directions to grant
a new trial.

Fullerton, Parker, Mitchell, and Pemberton, JJ.,
concur.