F. L. ARTHAUD, Appellant, v. C. J. GRIFFIN, Appellee.

**ATTORNEY AND CLIENT:** Authority—Foreign Attorney—Appointment of Resident Attorney. The statute which requires a foreign resident attorney to file, in an action, a written appointment of some resident attorney of the county where the action is pending, upon whom service of notice may be made (Sec. 10919, Code of 1924), does not apply to an action (1) in which the foreign attorney is a plaintiff, or (2) in which a resident attorney appears of record with the foreign attorney.

Headnote 1: 6 C. J. pp. 569, 570.

*Appeal from Warren District Court.*—W. S. COOPER, Judge.

OCTOBER 26, 1926.

Appeal from an order overruling motion to reinstate a cause which had been dismissed for failure to file a written appointment of a resident attorney to defend suit.—*Reversed and remanded.*

*F. L. Arthaud* and *W. M. Wilson,* for appellant.

*A. V. Proudfoot,* for appellee.

FAVILLE, J.—The facts in this case appear without dispute.

Appellant is an attorney, regularly engaged in practice as such, in the state of Missouri. W. M. Wilson is an attorney resident at Indianola, in this state, and duly admitted to the practice of law. Wilson had been previously associated with appellant in conducting a certain lawsuit in the district court of Warren County, Iowa. On the 8th day of August, 1925, Wilson filed in the office of the clerk of the district court of Warren County, Iowa, the petition in this cause, and at the same time delivered a copy of the petition to the attorney for the appellee. By inadvertence, Wilson failed to sign the petition as attorney for the plaintiff, but was, as a matter of fact, acting as attorney for the plaintiff. On or about the 20th day of August, 1925, Wilson entered his appearance as attorney for the plaintiff upon the appearance docket where said cause was filed, and also upon the judge's calendar. On September 1, 1925, the appellee, by his attorney, filed a motion to strike the petition in the above entitled cause, supporting same by an affidavit. In said motion and affidavit it is recited that the appellant herein appears as attorney for the plaintiff (himself) in said cause, and is a practicing attorney in the state of Missouri, and a resident of said state, and that he has not filed with the clerk of the district court of Warren County, Iowa, the written appointment of a resident attorney in the county of Warren and state of Iowa, where said petition is pending, as provided by Section 10919 of the Code of 1924. The court sustained said motion, and ordered the petition stricken from the record.

Thereafter, on the 15th day of September, 1925, the appellant filed a motion to reinstate said cause. Said motion recites the facts hereinbefore referred to, and alleges that Wilson inadvertently failed to sign the petition, at the time of filing the same, and that the omission was merely a clerical error on his part. It is also admitted in the record that Wilson had no written appointment as attorney for the plaintiff, except by correspondence, and that no written appointment under the statute was filed. Upon the statement of facts submitted with the motion, the trial court overruled the motion to reinstate the petition. From this ruling this appeal is taken.

Section 10919 of the Code of 1924 is as follows:

"Any member of the bar of another state, actually engaged in any cause or matter pending in any court of this state, may

be permitted by such court to appear in and conduct such cause or matter while retaining his residence in another state, without being subject to the foregoing provisions of this chapter; provided that at the time he enters his appearance he files with the clerk of such court the written appointment of some attorney resident in the county where such suit is pending, upon whom service may be had in all matters connected with said action, with the same effect as if personally made on such foreign attorney within such county. In case of failure to make such appointment, such attorney shall not be permitted to practice as aforesaid, and all papers filed by him shall be stricken from the files."

The purpose of said section was to require lawyers from foreign states who practice before the courts of this state to appoint of record a local counsel, upon whom service of notice could be made. The statute is conducive to convenient and orderly procedure, in view of our statutes respecting the service of notice in cases of appeal, and other matters, upon an attorney of record. The courts of this state have always been generous in extending courtesies to foreign attorneys who desire to practice in our tribunals, and the requirement of this statute is not an unreasonable or improper one.

The statute, however, has no application to the instant case, for the very obvious reason that the appellant appears as plaintiff *in propria persona*. It is the universal and well recognized rule in the courts of this country that parties to an action may manage, prosecute, or defend their own suits personally. *May v. Williams,* 17 Ala. 23; *Hightower v. Hawthorn,* 12 Fed. Cas. 142 (No. 6478b); *Groves v. County Court of Grant County,* 42 W. Va. 587 (26 S. W. 460–465). It has even been held that a disbarred attorney has a right to appear in person, to prosecute or defend his own lawsuit. *Philbrook v. Superior Court,* 111 Cal. 31 (43 Pac. 402). In the instant case the appellant, being party plaintiff, had a perfect right to prosecute said action in his own name and in his own behalf; and although it may be true that he was a practicing attorney in a foreign state, inasmuch as he appeared in this action in his own behalf, and was prosecuting the case *in propria persona,* he was not amenable to the statute in question, requiring him to file the appointment of a resident attorney.

Furthermore, we are of the opinion that the statute requiring the appointment of a resident attorney applies only in those cases where a member of the bar of another state is actually engaged in a case before a court in this state in which cause no resident attorney appears of record. It would be an unwarranted construction of the statute to hold that, where a client employed two attorneys to conduct litigation, one a nonresident and the other a resident of the state, in such event it would be necessary that the written appointment provided by the statute should be filed. The statute intended to and does apply in those instances where a foreign attorney conducts litigation or other proceedings in the courts of this state where no attorney a resident of this state appears with him of record in the proceedings. In such an event, some resident attorney must be appointed by writing, upon whom service can be made. In this case it appears that the resident attorney, Mr. Wilson, was in fact employed to appear as attorney in the case, to assist in conducting the litigation. He filed the petition and delivered a copy to the opposing counsel, and the record shows that he inadvertently omitted signing his name to the petition, as attorney for the plaintiff. He promptly entered his appearance upon the appearance docket and in the judge's calendar. It is unquestioned that he was in fact employed as an attorney in the case. His appearance could have been noted by the court at any time, as is the usual custom. The motion to reinstate said cause should have been sustained. The order appealed from is reversed, and the cause is remanded, with directions to the trial court to sustain said motion and to reinstate said cause.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.