## IN THE MATTER OF INTEGRATION OF THE BAR OF THE STATE OF HAWAII.

### No. 4527.

OCTOBER 20, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE AND LEVINSON, JJ.

*Per Curiam.* This matter is before this court pursuant to a communication from the Bar Association of Hawaii recommending:

1. That there be an association to be known as the "Bar Association of Hawaii," composed of persons licensed to practice law in this State, and except as otherwise provided in sections 217-2 and 217-11 of the Revised Laws of Hawaii 1955, as amended, membership in such association shall be a condition precedent to the privilege of practicing law in Hawaii.

2. That the Supreme Court of the State of Hawaii by appropriate orders provide for the organization and government of the association and define the rights, obligations and conditions of membership therein, to the end that such association shall promote the public interest by maintaining high standards of conduct in the legal profession and by aiding in the efficient administration of justice.

The recommendation is based on a resolution adopted at an annual meeting of the association and also on the result of a mail poll of resident members of the bar. The vote on the resolution was 76 ayes and 59 noes. Of those responding to the poll, 208 favored, and 157 opposed, the recommendation.

Subsequent to the receipt of the communication, without passing upon its inherent power to act on the recommendation by

rule or order, this court expressed to the association the consensus of its members that it appeared preferable that the matter be submitted initially to the Legislature.

Accordingly, the association attempted to obtain legislative action but failed in its attempt because the chairman of the Judiciary Committee of the House of Representatives was of the opinion that the matter was within the responsibility of the judicial, rather than the legislative, branch of the government.

Thereafter, this court ordered an adversary hearing directed to the following issues:

(a) whether this court has the power to require membership in a state bar association organized pursuant to its authorization as a condition to the privilege of practicing law in this State; and

(b) whether this court has the power to prescribe an annual fee for membership in such association.

These two features, compulsory membership in a state bar association and payment of prescribed membership fee, constitute the basic requirements of an integrated bar.

At the present time, an integrated bar exists in 29 states. Three methods have been used in accomplishing integration, namely:

(a) enactment of detailed statutes;

(b) enactment of statutes conferring upon the highest state courts the authority to integrate;

(c) court action, without statutory authorization.

In those states where the courts have integrated the bar without statutory authorization, they have done so in the exercise of the court's inherent power of control over members of the bar and the practice of law. *Petition of Florida State Bar Association*, 40 So. 2d 902 (Fla. 1949); *Application of Montana Bar Association*, 140 Mont. 101, 368 P.2d 158; *In re Integration of Nebraska State Bar Association*, 133 Neb. 283, 275 N.W. 265; *In re Integration of State Bar of Oklahoma*, 185 Okla. 505, 95 P. 2d 113.

We perceive no difference in the inherent power of this court from the inherent power lodged in the courts of other states with

respect to matters affecting the bar and the practice of law.

The only question before us in this proceeding is the power of this court to integrate the bar without any statutory authorization. We hold that this court has the inherent power to do so at least to the extent of requiring of every attorney licensed to practice in this State compulsory membership in a bar association organized pursuant to its rule or order and payment of a reasonable membership fee to provide funds for such association. See *Lathrop* v. *Donohue,* 367 U.S. 820.

In their presentation, opponents of integration have questioned the legality of some of the powers which an integrated bar might exercise and some of the activities in which an integrated bar might participate. Such questions are not now before this court.

The Bar Association of Hawaii may draft a detailed plan of organization of an integrated bar and present the draft to this court for consideration and action, upon ascertaining the desires of the members of the bar with respect thereto. Until such draft is presented, the matter will be kept in abeyance.

*Dwight M. Rush and James S. Campbell,* Bar Association representatives (pro).

*Tobias C. Tolzmann and George L. Dyer, Jr.,* Bar Association representatives (con) .

*Morton King,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, and *Roy M. Miyamoto and Nobuki Kamida,* Deputy Attorneys General, with him on the brief) for the Attorney General, amicus curiae.