In the Matter of the Unauthorized Practice of Law of MR. WILLIAM S. ELLIS, JR., Trustee for the Creditors and Shareholders of Kula Development Corporation

No. 5044

June 25, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

24

This is an original action[1] brought before this court by James S. Campbell, attorney, seeking a permanent injunction to enjoin the alleged unauthorized practice of law by William S. Ellis, Jr., as trustee for the creditors and stockholders of Kula Development Corporation, a dissolved Hawaiian corporation.

At the time of corporate dissolution Mr. Ellis was both a stockholder and a director. By operation of law[2] he and other directors became trustees for the creditors and stockholders. The records at the State Department of Regulatory Agencies show that thereafter all of Mr. Ellis' co-trustees resigned leaving him as sole trustee.

Mr. Campbell represents one of several creditors of the dissolved corporation. In a First Circuit Court case between his clients as plaintiffs against Kula Development Corporation, et al., as defendants, Mr. Campbell complains that Mr. Ellis practiced law without authority.

Mr. Ellis is not licensed to practice law in this or any other jurisdiction. It is undisputed, however, that in exercising his power as trustee and fulfilling this responsibility, Mr. Ellis has engaged in the practice of law. HRS § 416-124 provides as follows:

> *"Trustee; powers, liabilities, duties.* The title to all assets and property, real, personal, and mixed, belonging to the corporation shall, immediately upon the dis-

---

[1]This court has inherent power to regulate matters before it regarding the practice of law.

Hawaii Constitution art. V, § 1 provides in part:

"The judicial power of the State shall be vested in one supreme court, circuit courts, and in such inferior courts, as the legislature may from time to time establish."

Rules of the Supreme Court, State of Hawaii (1968):

"16(d): *Limitations.* The jurisdiction of this court and the other courts of the State of Hawaii to grant appropriate relief in causes involving unprofessional conduct or unauthorized practice of law shall not be deemed to be limited, restricted or abrogated by anything contained in this rule."

*See* In re Integration of the Bar, 50 Haw. 107, 432 P.2d 887 (1967).

[2]HRS § 416-123.

solution thereof, * * * vest in the trustee or trustees for the creditors and stockholders or members of the corporation dissolved.

"Under the name of the trustee or trustees * * * the trustee or trustees shall have power: to sue for and collect the debts, claims, and demands due to the corporation, or compound and settle any claims as they may deem best; to have, hold, reserve, sell, and dispose of property, real, personal, and mixed; to adjust and pay all debts of the corporation dissolved; * * * to exercise all powers of the dissolved corporation; * * * to divide among the stockholders * * * moneys and other properties that remain after paying the debts and necessary expenses; and they shall be jointly and severally liable to the creditors and to the stockholders * * * to the extent of the corporation property which shall come into their hands. * * *"

Mr. Ellis claims that because of lack of funds in the dissolved corporation, he, as trustee, cannot pay for the services of an attorney and thus is compelled to do all the necessary legal work.

The novel question for us to resolve is whether Mr. Ellis as said trustee, in his pro se practice of law, represents himself as trustee or is, in effect, actually representing the interest of another person and thus is guilty of unauthorized practice of law.

### I. THE TRUSTEESHIP OF MR. ELLIS

At common law, in the absence of statute, when a corporation was effectively dissolved its existence as a legal entity ceased. Dissolution terminated its power to sue or be sued in its corporate name, and extinguished all debts due to or from it.[3]

---

[3]State v. Libby, 238 Mo. App. 36, 42, 175 S.W.2d 171, 173-74 (1943). Note, Suits by and Against Dissolved Corporations. 48 Iowa L. Rev. 1006, 1007 (1963).

To abrogate this rule of the common law, statutes have been enacted in all jurisdictions pertaining to this subject of litigation by and against a dissolved corporation.[4] These statutes take various forms but all are remedial in purpose, removing the common law incapacity of a dissolved corporation to sue or be sued.

Some statutes extend the life of the corporation permitting it to serve as a named party litigant.[5] Others, such as ours here in Hawaii, HRS § 416-123, treat the existence of the corporation as terminated upon dissolution but nonetheless allow suits to be brought or continued. These statutes resulted from a demand by stockholders and creditors for equitable relief and embodied the "trust fund theory" by authorizing the directors at the time of dissolution to serve as trustees.[6] In this capacity the former directors are proper and necessary parties to legal proceedings aimed at winding up the affairs of the dissolved corporation. *State* v. *Libby, supra* at 43.

Although captioned "trustee" by these statutes, a more accurate characterization for a former director is that of "statutory liquidator".[7] His function is simply to liquidate the assets possessed as expeditiously as sound business judgment permits.[8] To this end the equally amorphous word "title" is found in HRS § 416-124, *supra,* and in similar statutes.

The word "title" in this context is loosely used. The property of a dissolved corporation actually *belongs to* those per-

---

[4]W. Fletcher, 16A Cyclopedia of Corporations § 8143, p. 316 (perm. ed. rev. vol. 1962).

[5]*Id.*

[6]*Id.* at 322-23. *Note, Suits by and Against Dissolved Corporations, supra* at 1010.

[7]United States v. Krueger, 121 F.2d 842, 844 (3rd Cir. 1941).

*See. also* Rossi v. Caire, 186 Cal. 544. 199 P. 1042 (1921) applying the phrase "trustees in liquidation" at 549.

For criticism of the term "trust" *see* IV Pomeroy, Equity Jurisprudence § 1046 at p. 98 (5th ed. 1941), where in reference thereto the author states " * * * [it] can only be called so by way of analogy and metaphor."

[8]*See* 16A Fletcher, *supra,* § 8178, p. 415.

sons who were stockholders at the time of its dissolution, but the right to possession passes to the former directors by force of the statutory provision making them statutory liquidators to settle the corporate affairs. *Jones v. Peck*, 63 Cal. App. 397, 401-02, 218 P. 1030, 1032 (1923).[9] In substance therefore, Mr. Ellis as statutory liquidator possesses the property of the former stockholders of the Kula Development Corporation with the power to dispose of so much thereof as is necessary to pay creditors who have a lien upon it for their own security.[10]

### II. THE RIGHT OF ONE TO REPRESENT HIMSELF

Mr. Ellis in appearing pro se claims a right to do so under HRS § 605-2 which in part provides:

"[N]othing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, or justice, and there prosecuting or defending *his own cause*, without the aid of legal counsel." (Emphasis added)

Our statute's import mirrors that of an early federal law.[11] While authoritative analysis of HRS § 605-2 is lacking, in matters relating to the conduct of business before our courts the construction of a counterpart federal provision is highly persuasive. *Ellis v. Crockett*, 51 Haw. 45, 61, 451 P.2d 814, 824 (1969). We find, therefore, federal pronouncements on 28 U.S.C.A. § 1654, *supra* n.11, helpful in construing the right asserted.

Clearly by statute or otherwise this right of self-represen-

[9]*Id.* at 420.

[10]*Id.*

*See* Rossi v. Caire, *supra* at 552-53, where in discussing the subject of "title" the court states that "* * * [assuming] legal title to the property had solely vested in the trustees designated by the statute, * * * [s]ubject to * * * the payment of creditors, the former stockholders were the sole beneficiaries and the absolute owners in equity of the property."

[11]Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789) provided that "in all the courts of the United States, the parties may plead and manage their own causes personally * * * ."

This identical language is now found in 28 U.S.C.A. § 1654 (1966).

tation is available to a person in a civil proceeding.[12] But regardless of the right's derivation or the proceeding where it is invoked, the question is whether one seeking to represent himself pro se is a person who by the substantive law has the right sought to be enforced. Put differently, is Mr. Ellis, in conducting the litigation, the real party in interest? *Heiskell v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936). We think not.

As indicated by the foregoing discussion (Part I), after dissolution, the stockholders of the Kula Development Corporation were the real parties in interest upon all claims in favor of or against this corporation at the time of dissolution. *Clark Estate Co. v. Gentry*, 362 Mo. 80, 91, 240 S.W.2d 124, 130 (1951). Their interests, in turn, were subject to the liens of creditors.

On the other hand, in legal proceedings aimed at winding up the former corporation's affairs, the interest of Mr. Ellis as trustee is remedial in nature and premised upon procedural necessity. *State v. Libby, supra.* The paucity of precedent notwithstanding, as Mr. Ellis' status of "trustee" intended to insure nothing more than the orderly administration of assets, he may not claim his statutory function includes the right to present argument pro se in the courts of this state. In this capacity he is representing the interests of others, and in judicial proceedings it is our opinion that he is engaged in the unauthorized practice of law.

---

[12]Price v. Johnston, 159 F.2d 234 (9th Cir. 1947), *cert. granted* 331 U.S. 804 (1947).

Apart from statute the right is rooted in the common law. *See* following federal and state civil cases: Osborn v. United States, 22 U.S. (9 Wheat.) 738, 829 (1824); Hightower v. Hawthorn, 12 F. Cas. 142 (No. 64, 780) (Sup. Ct. Ark. 1826); Arthaud v. Griffin, 202 Ia. 462, 464, 210 N.W. 540, 541 (1926); Americus v. McGinnis, 128 Wash. 28, 30, 221 P. 987, 988 (1924).

In the criminal context authorities are divided whether this right is constitutional as well as statutory. Dearinger v. United States, 344 F.2d 309 (9th Cir. 1965) at 311, n.2.

But whether constitutional or statutory, the right is not absolute and may be qualified under certain circumstances (criminal proceeding). United States v. Davis, 260 F. Supp. 1009, 1019 (E.D. Tenn. 1966).

### III. STOCKHOLDERS AND CREDITORS
### ENTITLED TO PROCEDURAL DUE PROCESS

The anomaly of this situation gives rise to a constitutional infirmity wherein a stockholder's or creditor's property is subject to deprivation without him having his "day in court".[13] Basic requisites of "due process" guarantee that where property rights may be affected, notice and an opportunity to be heard must be afforded to all interested persons. *Mortensen v. Emp. Ret. Syst. Trustees,* 52 Haw. 212, 219-21, 473 P.2d 866, 871-72 (1970); *Territory v. Jennie L. Aona, et al.,* 43 Haw. 253, 255 (1959). How then are these rights to be protected?[14]

Because of the constitutional dilemma presented, public policy dictates that an exception be made at this time to the prohibition against one engaging in the unauthorized practice of law.[15] In the limited situation where the statutory liquidator makes a showing that corporate funds are unavailable for the hiring of counsel, he may perform the necessary legal services.

---

[13]Weinacht v. Bower, 140 Ore. 527, 533, 14 P.2d 622, 625 (1932).

[14]Neither party briefed or argued the issue whether under the facts at hand "a stockholder" in this capacity could appear pro se in his own behalf as well as the representative of other stockholders. At this juncture we do not reach this issue.

In a derivative action a stockholder was permitted to appear pro se. Willheim v. Murchison, 206 F. Supp. 733 (S.D.N.Y. 1962), *appeal dismissed,* 312 F.2d 399 (2nd Cir. 1964); *discussed in* 17 Rutgers L. Rev. 651 (1963).

Under a similar statutory scheme, the right to assert or defend claims vests by law *exclusively* in the "statutory liquidators" of a dissolved corporation. Clark Estate Co. v. Gentry, *supra* at 86-87.

However, a statutory liquidator may be personally liable to a stockholder or creditor for breach of his duty to act with reasonable care and prudence in settling the corporate affairs. McClean v. Bradley, 282 F. 1011 (N.D. Ohio 1922), *aff'd* 299 F.2d 379 (6th Cir. 1924), *cert. denied,* 266 U.S. 619 (1924); King v. Coosa Valley Mineral Products Co., 283 Ala. 197, 215 So. 2d 275 (1968); Mengel Co. v. Pierson, 99 N.J. Eq. 436, 132 A. 78 (1926).

*See* HRS § 416-125 providing for an accounting action by stockholders or creditors.

[15]Hawaii Const. art. V, § 6 provides:

"The Supreme Court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure, and appeals, which shall have the force and effect of law."

## IV. CONCLUSION

Again reiterating, the cornerstone upon which we provide this exception is the claim of insufficient assets. Mr. Ellis asserts that assets are insufficient. Some light is shed on this assertion in a trial statement by Mr. Ellis that he lacks "liquid assets". These terms, however, depending on the circumstances, may be far from synonomous in application. Although an inventory of property has not been provided to this court, it is our understanding that real estate comprises a substantial portion of, if not the total, value of the assets of the former corporation.

In order to determine the current worth of all property involved, we shall appoint under separate order a circuit judge of the first circuit as master to hold an evidentiary hearing on this matter. Should sufficient assets in some form be available to retain an attorney, Mr. Ellis will be directed to do so.[16] If not, to insure those with property rights of their day in court Mr. Ellis, as trustee, will be allowed to continue pro se in his practice of law.

An order will so issue.

*James S. Campbell (Cades, Schutte, Fleming & Wright* of counsel) for the motion.

*William S. Ellis, Jr.,* pro se, contra.

### CONCURRING OPINION OF ABE, J.

I agree with the majority of this court on points I and II and the conclusion that Mr. Ellis "is engaged in the unauthorized practice of law."

The due process issue discussed in point III of the court's decision was not before us because Mr. Ellis did not raise that issue. Therefore, I believe that it is a mistake for this court not only to raise but also to decide the issue sua sponte, especially without any briefing or argument on the question.

---

[16] A statutory trustee may always employ agents to aid him in the performance of his duties should these services be necessary for purposes of winding up the affairs of the corporation. *See* 16A Fletcher, *supra.* § 8179, p. 421 at 422-23.