**AMERICAN SECURITY BANK, Plaintiff,**

v.

**BANK OF HONOLULU, E & G Development Co., Inc., David Henry, Clara H. Henry, Guenther W. Schmidt, Earl F. Smith, Gail E. Smith, and United States of America, Defendants.**

Civ. No. 81–0267.

United States District Court, D. Hawaii.

Nov. 3, 1986.

Paul S. Aoki, Honolulu, Hawaii, for plaintiff.

Stephen G. Fuerth, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

In this interpleader action, the only remaining claimants to the interpleaded funds are E & G Development Co., Inc. ("E & G") and the United States of America. As a result of a telephonic pretrial conference held on June 4, 1986, it was determined that there was no dispute as to any material fact and that the case could be submitted to the Court for decision on briefs. Judgment will be entered in behalf of the United States adjudicating that it is entitled to the interpleaded funds.

E & G was incorporated on November 14, 1972, for the purpose of general land development and building. The incorporators were Guenther W. Schmidt, Earl F. Smith and Gail E. Smith. E & G developed a condominium project on the Island of Maui, Hawaii. At the conclusion of the work, a dispute developed between Schmidt and the Smiths regarding the disposition of the remaining funds of the corporation, as well as the propriety of an earlier withdrawal of corporate funds by Schmidt. This dispute led to the filing on July 18, 1979, of a civil action in the Second Circuit Court of the State of Hawaii by Smith against Schmidt ("the state court action"). Schmidt answered the complaint and counterclaimed to request dissolution of E & G.

On November 12 and 19, 1979, the United States made various federal income tax assessments against the Smiths totaling $126,526.42 for the taxable years 1975 and 1976. On May 14, 1980, a Notice of Federal Tax Lien with respect to these federal tax liabilities was filed with the Bureau of Conveyance in Honolulu, Hawaii.

An order of the state court dated June 10, 1981, required the withdrawal of all funds in E & G's account with First Interstate Bank of Hawaii ("FIHI") and their deposit with another bank. At about the same time, FIHI was served with a conflicting order by which other persons had made claims against Smith, Schmidt and E & G. On June 12, 1981, the Internal Revenue Service served a Notice of Levy on FIHI, giving the bank notice that the United States claimed a lien on any property of the Smiths. These conflicting claims caused FIHI to commence this interpleader action in the Hawaii courts. At that time, there was $35,000 in E & G's account. The United States removed the action to this Court pursuant to 28 U.S.C. §§ 1444 and 2410.

Schmidt died on January 17, 1983, and his widow, Gerta I. Schmidt, as personal representative of the estate of Guenther W. Schmidt, was substituted as a defendant by an order dated November 15, 1983.

On December 7, 1983, the Director of the Department of Commerce and Consumer Affairs of the State of Hawaii ("the Director") involuntarily dissolved E & G because of its failure to file annual exhibits. It is the Director's policy not to involuntarily dissolve a corporation that is being dissolved in a state court action. However, the Director was not notified of Schmidt's counterclaim seeking dissolution of E & G. The Director of the Department did not appoint a trustee for the creditors and stockholders of the corporation with powers to settle its affairs.

On June 10, 1985, a second corporation bearing the name E & G Development Co., Inc. was purportedly formed under the laws of the State of Hawaii. The articles of incorporation recited that the shareholders were Schmidt (who, of course, had been dead for over two years), Smith and Mrs. Smith.

By the terms of a Settlement Agreement and Release dated January 8, 1986, Gerta I. Schmidt, as personal representative of the Estate of Guenther W. Schmidt, relinquished to Smith any claims she had to any corporate funds or assets belonging to E & G. The state court proceedings were dismissed with prejudice on June 5, 1986.

On June 4, 1986, a pretrial conference was held regarding the federal court proceedings with counsel for the United States

and for E & G. As a result of information disclosed during the conference, Pretrial Order No. 2 included orders that "a check issued by plaintiff American Security Bank in settlement of E & G Development Co.'s counterclaim not be negotiated pending further order of this court" and "any payment to the Smiths by the estate of Guenther W. Schmidt in settlement of the Smiths' claim against Schmidt be held in trust by the attorneys for the Smiths pending further order (sic) this court."

On June 23, 1986, an order was entered requiring FIHI to deposit all funds held in the name of E & G Development Co., Inc. ($45,365.32 as of March 31, 1986) with the Clerk of this Court, at which time plaintiff would be released from any liability for the funds or any liability to the defendants.

## QUESTIONS PRESENTED

1. Whether this Court has jurisdiction to determine the effect of the Director's involuntary dissolution of E & G on December 7, 1983.

2. Whether E & G is an involuntarily dissolved corporation.

3. Whether the Smiths are now the owners of the funds on deposit on December 7, 1983, with FIHI in E & G's account.

## DISCUSSION

There is no question that federal tax liens have attached to the property of the Smiths and that the amount claimed by the United States exceeds the interpleaded funds. The issue is whether the Smiths are now the owners of the interpleaded funds. Resolution of this issue necessarily requires a determination of E & G's legal status under Hawaii law which turns on the question whether, so long as the state court action was pending, the Director had jurisdiction to dissolve E & G. A federal court has the necessary jurisdiction to make such a determination in an action involving federal tax liens. *See United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985).

Hawaii statutes provide two methods of involuntarily dissolving a corporation—administrative action by the Director, Haw. Rev.Stat. § 416–122, and judicial action by a state circuit court, Haw.Rev.Stat. § 416–128. Section 416–122 has been in effect in substantially the same form since 1915. Section 416–128 was enacted in 1965.

The defendants argue that the subsequent enactment of Section 416–128 evidences a legislative intent that a pending judicial action to involuntarily dissolve a corporation vests the court with exclusive jurisdiction to do so. There is no question that had the Director been informed of the pending judicial action to dissolve E & G, he would not have acted pursuant to Section 416–122. However, nothing in the Hawaii corporation statutes suggests such a legislative intent. The failure of the Hawaii statutes to require that notice be given to the Director of any state court action to dissolve a corporation indicates a lack of such intent.

Section 416–122 requires the Director to "[give] notice of his intention to dissolve the corporation by mailing to the corporation at its last known address appearing on the records of the Director and by publishing notice of such intentions." Presumably, the notice required by the statute was given. Nothing in the record suggests that the Smiths (or anyone else) objected to involuntary dissolution by the Director, or that they called to the Director's attention the existence of the pending state court proceedings.

The defendants state in their brief: "After it had been discovered E & G had been administratively 'dissolved' by the state, steps were taken to enable E & G to comply with the state requirements for a valid corporation. New articles of incorporation were prepared and filed June 20, 1985." Section 416–127 of the Hawaii Revised Statutes provides for the reinstatement of involuntarily dissolved corporations. Reinstatement must be accomplished within 90 days after the involuntary dissolution. Nothing in Hawaii law sug-

gests that reinstatement can be accomplished by filing new articles of incorporation, even within the 90–day period. Incorporation of a second E & G Development Co., Inc. did not revive the dissolved corporation.

I conclude that the state court proceedings did not bar involuntary dissolution of E & G by the Director.

■ Upon the involuntary dissolution of a Hawaii corporation and unless and until a trustee has been appointed by the Director, the directors of the corporation "act as trustees for the creditors and stockholders or members of the corporation with full powers to settle its affairs." Haw.Rev. Stat. § 416–123. However, "[t]he property of a dissolved corporation actually *belongs to* those persons who are stockholders at the time of its dissolution." *In re Ellis*, 53 Haw. 23, 28, 487 P.2d 286, 289 (1971) (emphasis in original), *cert. denied*, 405 U.S. 1075, 92 S.Ct. 1500, 31 L.Ed.2d 809, *reh'g denied*, 406 U.S. 950, 92 S.Ct. 2040, 32 L.Ed.2d 339 (1972). Thus, legal and equitable title of the property of E & G vested in the Smiths and Schmidt at the time of dissolution by the Director.

■ Since Gerta I. Schmidt, as personal representative, has relinquished to Smith all rights which the estate of Guenther W. Schmidt may have had to the assets of E & G, the Smiths are the legal and equitable owners of the interpleaded funds. They are not creditors of the corporation. Therefore, the United States of America is entitled to a judgment that it is entitled to the interpleaded funds by reason of its tax liens against the property of the Smiths.

The United States claims that it is also entitled to the monies paid by FIHI to the Smiths in settlement of E & G's claim and paid by the Schmidt estate in settlement of the Smiths' claim. The United States concedes that the Smiths' attorneys may have a claim against the funds for attorneys' fees based upon a lien under state law or upon a contract enforceable against the funds. The United States suggests that pending determination of whether the Smiths are entitled to a portion of the FIHI and Guenther estate settlement funds, the funds should be delivered to the Clerk of this Court for deposit in an interest bearing account. The United States also seeks a deficiency judgment for any portion of the tax assessments that remain unpaid.

■ In an interpleader action, *in personam* jurisdiction extends only to the funds deposited in court. *Humble Oil & Refining Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir.1968); *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425, 429 (10th Cir.1966), *cert. denied*, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967), *overruled on other grounds* in *Liberty Nat'l. Bank & Trust Co. of Oklahoma City v. Acme Tool Division*, 540 F.2d 1375, 1381 (10th Cir.1976); *see also State Farm & Casualty Co. v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

■ Some courts have held that if the requirements of Rule 13(b) of the Federal Rules of Civil Procedure are met, ancillary jurisdiction will sustain jurisdiction over a crossclaim in an interpleaded action. The rule authorizes a crossclaim of any claim "arising out of the transaction or occurrence that is the subject matter" of the original action. Here, the United States' claims against the FIHI and Guenther estate settlement funds do not arise out of the occurrence that is the subject matter of the interpleader action.

IT IS ORDERED that the United States of America have judgment that it is entitled to the interpleaded funds.

IT IS FURTHER ORDERED that counsel for the United States of America prepare an appropriate form of judgment, lodge it with the Court and serve a copy upon counsel for E & G.

IT IS FURTHER ORDERED that upon entry of final judgment ordering disbursement of the interpleaded funds to the United States of America, the Court will set aside that portion of its order of June 4, 1986, ordering (1) "That a check issued by plaintiff American Security Bank in settlement of E & G Development Co.'s counter-

claim not be negotiated pending further order of this Court" and (2) "Any payment to the Smiths by the Estate of Guenther W. Schmidt in settlement of the Smiths' claim against Schmidt be held in trust by the attorneys for the Smiths pending further order of this Court."