**TRADEWINDS HOTEL, INC.,** Plaintiff–Appellee, v. **DONALD ROBERT COCHRAN,** as Trustee under unrecorded Declaration of Trust dated May 20, 1977, Defendant–Appellant, and **JOHN DOES 1–10; JANE DOES 1–10; DOE PARTNERSHIPS 1–10; DOE CORPORATIONS 1–10; DOE ENTITIES 1–10;** and **DOE GOVERNMENTAL UNITS 1–10,** Defendants

NO. 14073

(CIV. NO. 86–1154)

OCTOBER 4, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Defendant–Appellant Donald Robert Cochran, Trustee (Defendant), appeals from the judgment in favor of Plaintiff–Appellee Tradewinds Hotel, Inc. (Plaintiff). We vacate a portion of the award of costs and remand for further proceedings. In all other respects, we affirm.

Plaintiff is the corporate owner of a cooperative apartment building. Defendant is the trustee of a trust that owns a share of stock in the corporation and a proprietary lease (Lease) to apartment no. 1208 (the apartment). On March 25, 1986, Plaintiff filed the complaint below against Defendant as trustee alleging that Defendant had violated the provisions of the Lease by: (1) converting the apartment from a one to a three bedroom unit; (2) allowing more than two persons to occupy the apartment; (3) allowing a minor to occupy the apartment. Plaintiff also alleged that Defendant fraudulently induced it to consent to the assignment of the Lease from the apartment's previous owner and was harassing the members of its board of directors. The complaint sought, *inter alia*, a judgment declaring the stock certificate null and void, cancelling the Lease, and awarding Plaintiff its attorney's fees and costs.

The case was tried by the court with an advisory jury. The jury returned a special verdict finding that Defendant's renovations were in violation of the Lease, that Plaintiff had approved the additional occupancy, and that the occupancy by the minor was not a material breach. The court thereafter entered Amended Findings of Fact (Findings) and Conclusions of Law (Conclusions) and a judgment. The judgment ordered Defendant to cause the trust to restore the apartment to its original configuration within six months, and to cease harassing Plaintiff and its board of directors

for a period of one year. The court also awarded Plaintiff its attorney's fees and costs. Defendant appealed.[1]

## I.

Defendant first argues that Judge Philip T. Chun (Judge Chun) erred in granting Plaintiff's motion to enjoin Defendant from acting *pro se* on behalf of the trust. We disagree.

### A.

After the complaint was filed, Defendant, acting *pro se*, filed a motion for a more definite statement of the harassment count. Plaintiff then filed a motion for an order enjoining Defendant from the unauthorized practice of law and striking Defendant's motion for a more definite statement. Defendant opposed Plaintiff's motion and filed an affidavit stating that as the settlor of the trust, its sole trustee, and sole beneficiary, he could appear *pro se* as the real party in interest.[2] Plaintiff's motion was denied by Judge Edwin H. Honda (Judge Honda) on August 13, 1986.

---

[1] On October 31, 1989, Plaintiff filed a motion to dismiss the appeal or, alternatively, the notice of appeal, on the ground that they were in violation of the circuit court's order prohibiting Defendant from acting *pro se* for the trust. The supreme court denied the motion without stating any reasons. The supreme court's order does not preclude us from considering the question whether Defendant had the right to appear *pro se* below.

[2] Hawaii Revised Statutes (HRS) § 605–2 (Supp. 1989) reads in pertinent part:

> **Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless he has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending his own cause, without the aid of legal counsel[.]

Beginning on October 27, 1986, Charles S. Lotsof, Esq. (Lotsof), began representing Defendant. On June 26, 1987, Lotsof filed a motion to withdraw as Defendant's counsel, stating in a memorandum that "Defendant prefers to defend this case *pro se*." Plaintiff did not oppose Lotsof's withdrawal, but objected to Defendant's proceeding *pro se*. Judge Robert G. Klein orally granted Lotsof's motion on July 16, 1987.

On October 27, 1987, Plaintiff moved for reconsideration of the order denying its motion to enjoin Defendant from the unauthorized practice of law. The motion for reconsideration was granted by Judge Chun in an order entered on December 1, 1987. The order stated:

> This Court finds cogent reason for reversing the earlier ruling: the law is clear in directing that one cannot represent a trust unless authorized to practice law.

On December 1, 1987, Plaintiff filed another motion to prohibit Defendant's "unlawful practice of law." Judge Richard M. C. Lum orally granted the motion the next day, and a written order was entered on December 8, 1987. Lotsof filed an appearance on December 2, 1987, and represented Defendant at the trial, which began on December 3, 1987.

## B.

Citing Rules 7(f), Circuit Court Rules (1984),[3] and 60(b),

---

The right to represent oneself in court is also rooted in the common law. *In re Ellis*, 53 Haw. 23, 29 n.12, 487 P.2d 286, 290 n.12 (1971), *cert. denied*, 405 U.S. 1075, 92 S. Ct. 1500, 31 L. Ed. 2d 809 (1972).

[3] When Plaintiff filed its motion for reconsideration, Rule 7(f), Circuit Court Rules (1984), provided:

> **Time to File Motion.** In the First Circuit, unless otherwise ordered for good cause shown, all pretrial motions affecting substantive issues shall be filed not later than 60 days after the filing of the responsive pretrial statement.

Hawaii Rules of Civil Procedure (HRCP) (1981), [4] Defendant contends that Plaintiff's motion for reconsideration was untimely. We disagree. First, Rule 7(f) applies to motions dealing with substantive issues. Defendant's right to represent the trust is not a substantive issue. Second, Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments. *See* 11 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2851 (1973). The order denying Plaintiff's original motion to enjoin Defendant's alleged unauthorized practice of law was not a final judgment or order.

## C.

Citing *Reliable Collection Agency, Ltd. v. Cole*, 59 Haw. 503, 584 P.2d 107 (1978), Defendant next asserts that Plaintiff has no

---

Effective September 1, 1990, Rule 7(f) has been amended to read as follows:

**Time to File Motion.** Unless otherwise ordered for good cause shown, all pretrial motions affecting substantive issues shall be filed and heard not later than 30 days prior to the assigned trial date.

[4] Rule 60(b), Hawaii Rules of Civil Procedure (1981), provides in pertinent part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

standing to challenge his *pro se* appearance. We disagree.[5]

In *Reliable*, the supreme court held that only the attorney general or the bar association has standing under Hawaii Revised Statutes (HRS) § 605–15.1 (1985)[6] to bring an action to enjoin the unauthorized practice of law under HRS § 605–14 (1985).[7] However, *Reliable* is distinguishable from this case. In *Reliable*, the plaintiff was represented by counsel at trial, and the defendants' counterclaim was addressed to the plaintiff's *extrajudicial* conduct of its collection business. *Id.* at 512, 584 P.2d at 112. The counterclaim was not aimed at the plaintiff's authority to conduct its own judicial action *pro se*. Here, Plaintiff is challenging Defendant's *pro se* conduct of the trust's defense in active litigation.

Our courts have inherent and statutory powers to deal with the unauthorized practice of law. *Id.* at 510, 584 P.2d at 113; *In re Ellis*, 53 Haw. 23, 487 P.2d 286 (1971); HRS § 605–16 (1985); *see* 7 Am. Jur. 2d *Attorneys At Law* § 2 (1980). Under those powers,

---

[5] The American Civil Liberties Union filed an *amicus curiae* brief containing virtually the same argument, which we likewise find unpersuasive.

[6] HRS § 605–15.1 (1985) reads as follows:

**Standing.** The attorney general or any bar association in this State may maintain an action for violations of section 605–14.

[7] HRS § 605–14 (1985) reads as follows:

**Unauthorized practice of law prohibited.** It shall be unlawful for any person, firm, association, or corporation to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law, except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States; provided that nothing herein shall be deemed to authorize the licensing of a corporation to practice law except as provided in chapter 416. Nothing in sections 605–14 to 605–17 contained shall be construed to prohibit the preparation or use by any party to a transaction of any legal or business form or document used in the transaction.

our courts, *sua sponte*, may prevent an unauthorized person from practicing law in a case pending before it. It follows that an attorney for a litigant has standing to request the court to prohibit another party's *pro se* appearance in a case pending before it as being in violation of the prohibition against the unauthorized practice of law. *Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw. 372, 590 P.2d 570 (1979) (plaintiff's counsel challenged defendant's vice–president's appearance on behalf of defendant); **Code Of Professional Responsibility** Canon 3 (1981) (a lawyer should assist in preventing the unauthorized practice of law).

## D.

Defendant further argues that Judge Chun abused his discretion when, in granting Plaintiff's reconsideration motion, he countermanded Judge Honda's order denying Plaintiff's original motion to prevent Defendant from acting *pro se*. We disagree.

In *Wong v. City & County*, 66 Haw. 389, 665 P.2d 157 (1983), the supreme court said:

> [u]nless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion.

*Id.* at 396, 665 P.2d at 162 (emphasis in original). However, cogent reasons are not the only measure of a judge's discretion in this area. A judge may also modify a prior order of a fellow judge on a multiple judge court where exceptional circumstances are presented. *In re Airport Car Rental Antitrust Litigation*, 521 F. Supp. 568, 572 (N.D. Cal. 1981), *aff'd*, 693 F.2d 84 (9th Cir. 1982), *cert. denied sub nom., Budget Rent–A–Car, Inc. v. Hertz Corp.*, 462 U.S. 1133, 103 S. Ct. 3114, 77 L. Ed. 2d 1368 (1983).

In the instant case, we think exceptional circumstances justify Judge Chun's order.

Judge Chun is the administrative judge of the civil courts of the first circuit. One of his functions is to ensure that the civil courts function in an orderly and efficient manner so as to minimize unnecessary delays in adjudicating disputes and dispensing justice. Since the trial below was to be held before a judge other than Judge Honda, we see no reason why Judge Chun could not, as administrative judge, review the case and correct any patent errors in order to assist the trial judge in presiding over the trial. The question is whether Defendant had the right, as trustee, to appear *pro se*.

The general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest. *In re Ellis*, 53 Haw. at 29, 487 P.2d at 290. Defendant concedes that he is not licensed to practice law. He claims, however, that as the settlor, trustee, and sole beneficiary, all the rights and obligations of the Lease are vested in him. He argues that he is the real party in interest and, therefore, he has the right to defend "his own cause." HRS § 605–2, *supra*. However, Defendant had the burden of showing that the cause was his, i.e., that he was the real party in interest. It was incumbent on him to show that he was the sole beneficiary of the trust by introducing the unrecorded trust document. He did not do so, relying instead on his affidavit and oral representations. In our view, Defendant did not carry his burden, and Judge Chun was correct in granting Plaintiff's motion for reconsideration.

Defendant also argues that the trial court erred in denying his post–trial motion to intervene as the sole beneficiary of the trust. Again, however, Defendant did not introduce the trust document, and the court did not err.

## II.

Defendant asserts a number of errors which we are unable to review either because he has failed to provide any transcript of the proceedings below, *Union Bldg. Materials Corp. v. Kakaako Corp.*, 5 Haw. App. 146, 682 P.2d 82 (1984) (*Union*), or he has failed to satisfy the requirements of Rule 28, Hawaii Rules of Appellate Procedure (HRAP) (1987). Consequently, we disregard Defendant's arguments that the lower court erred in:

(1) deciding motions *in limine* without allowing Defendant to argue *pro se* or to obtain an attorney; *Union*;

(2) allowing three attorneys to argue instructions on behalf of Plaintiff, contrary to an *in limine* ruling; *Id.*; Rule 28(b)(4), HRAP; [8]

(3) "allowing an incomplete, prejudicial special verdict form"; Rule 28(b)(4), *supra*;

(4) granting Plaintiff's motion for directed verdict on counts II, III, and V of Defendant's counterclaim; *Union*;

(5) improperly instructing the jury; *Id.*; Rule 28 (b)(4)(B); [9]

---

[8] Rule 28(b)(4), Hawaii Rules of Appellate Procedure (HRAP) (1987), reads in pertinent part as follows:

(b) **Opening Brief.** Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:

\* \* \*

(4) A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error committed by the court or agency upon which appellant intends to rely. The point shall show where in the record the alleged error occurred and where it was objected to[.]

[9] Subsection (B) of Rule 28(b)(4), HRAP, reads as follows:

(B) When the point involves the charge of the court, there shall be set out the specific words of the part referred to, whether it be instructions given or refused, together with the objections urged at the trial.

(6) excluding "Exhibit V" as hearsay; Rule 28(b)(4)(A);[10] and

(7) not overruling the jury's Findings (1) and (2) that Defendant's exterior and interior modifications of the apartment were in breach of the Lease. *Union*; Rule 28(b)(4), *supra*.

## III.

Defendant's argument that the trial court erred in denying his December 2, 1987 motion to continue the trial in order to allow Lotsof to acquaint himself with the case is without merit.

The denial of a motion for continuance is within the sound discretion of the court and will not be disturbed on appeal absent a showing of abuse. *Alt v. Krueger*, 4 Haw. App. 201, 663 P.2d 1078 (1983). We find no abuse here. Although Lotsof had only recently re–entered the case at the time of the motion for continuance, he had represented Defendant previously and was not entirely unfamiliar with the case. Also, Defendant was informed by the court clerk on November 5, 1977, that Judge Chun was granting Plaintiff's motion for reconsideration. There appears to have been time enough for Defendant to re–employ Lotsof and for Lotsof to re–familiarize himself with the case.

## IV.

We find no merit in Defendant's argument that the lower court erred in denying his post–trial motions to amend the Findings and Conclusions.

---

[10] Subsection (A) of Rule 28(b)(4), HRAP, reads as follows:

(A) When the point involves the admission or rejection of evidence, there shall be included a quotation of the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected.

## A.

First, Defendant contends that Conclusion no. 3, granting judgment to Plaintiff on Defendant's counterclaim, is wrong. Defendant argues that since, in Finding no. 28, the court found that Plaintiff had not given Defendant ten days notice to cure his breach, Plaintiff was in breach of the Lease and was not entitled to judgment. We disagree.

In Conclusion no. 7, the lower court directed Plaintiff to give Defendant ten days notice to correct the breach in accordance with the Lease. In the event of Defendant's failure to do so, the court would entertain "a prayer" for forfeiture or cancellation of the Lease. An equity court has plenary power to fashion its decree in such a manner as to recognize and maintain the equities of the parties. *California Fed. Sav. & Loan Ass'n v. Bell*, 6 Haw. App. 597, 735 P.2d 499 (1987). In view of the evidence in this case of Defendant's clear violation of the Lease provisions, it was not an abuse of discretion for the court to allow Plaintiff to correct the oversight. Moreover, Plaintiff's failure to give Defendant the required notice was not material to Defendant's counterclaim. *Id.*

## B.

Defendant also argues that he was entitled to a finding that Plaintiff, by attempting to enforce the Lease provisions, had breached the Lease covenants of quiet enjoyment and unhindered use of the premises. The argument is specious. The covenants are not violated by one party's well–founded attempts to enforce a perceived breach by the other party of the Lease provisions.

## C.

Defendant further asserts that the lower court should have entered a conclusion that the occupancy of the apartment by his minor son was not a material breach of the Lease provisions. We disagree. Whether the breach was material was a fact question. In Finding no. 21, the court found the breach was not material. A conclusion of law was inappropriate.

## V.

Defendant contends that the court erred in ruling that Plaintiff was the prevailing party and thus entitled to attorney's fees and costs. We disagree.

## A.

It is well–settled that a party who prevails on the main issue in dispute, even though not to the extent of his original contention, is deemed to be the successful party for the purpose of taxing costs and attorney's fees. *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 620, 575 P.2d 869, 879 (1978). In the instant case, the main issue is whether Defendant violated the Lease provisions. The jury and the court found he did; therefore, Plaintiff was the prevailing party, notwithstanding the fact that the court found against it on the issue of the occupancy provisions. Consequently, Plaintiff was entitled to fees and costs.

### B.

Defendant's argument that the awarded fees exceeded the allowable amount under HRS § 607–17 (1985) is without merit.[11] The limitation provision of HRS § 607–17 is inapplicable, since Plaintiff basically sought a non–monetary judgment. *Food Pantry, supra.* Where the statutory limitation is not applicable, the amount awarded as attorney's fee is limited to that reasonably and necessarily incurred by Plaintiff to protect its interest under the lease. *Id.* The record in this case indicates that the amount of the attorney's fee award was not an abuse of discretion. *See Sharp v. Hui Wahine, Inc.*, 49 Haw. 241, 413 P.2d 242 (1966).

---

[11] HRS § 607–17 (1985) reads as follows:

**Attorney's fees when provided for in promissory notes, etc.** Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:

(1) Where the note or other contract in writing provides for a fee of twenty–five per cent or more, or provides for a reasonable attorney's fee, not more than twenty–five per cent shall be allowed;

(2) Where the note or other contract in writing provides for a rate less than twenty–five per cent, not more than the specified rate shall be allowed;

provided that the fee allowed in any of the above cases shall not exceed that which is deemed reasonable by the court.

Any law to the contrary notwithstanding, no such attorney's fee shall be allowed to the plaintiff by any court:

(1) If prior to or at the time the debt was incurred, the debtor did not sign an instrument in writing which provided for the payment of an attorney's fee; and

(2) If prior to or at the time the debt was incurred, the debtor did sign an instrument in writing which provided for the payment of an attorney's fee and such instrument in writing contains within its principal amount any attorney's fee from a prior debt.

## VI.

Defendant argues that the trial court abused its discretion in awarding costs. We agree in part.

Although the trial court has discretion in the matter of allowing or disallowing costs, that discretion should be exercised sparingly when the requested expenses are not specifically allowed by statute or precedent. *Smothers v. Renander*, 2 Haw. App. 400, 633 P.2d 556 (1981).

We hold that the court abused its discretion in the award of costs for:

| | | |
|---|---|---|
| 1. | court reporting charges: | $1,678.38 |
| 2. | Westlaw computer research: | $ 364.05 |
| 3. | expert consultant fees: | $ 166.40 |
| 4. | postage: | $ 87.07 |

Numbers 1, 2, and 3 are not specifically allowed by statute or precedent. Consequently, we think it was abuse of discretion to award them. Number 4 is barred by *Smothers v. Renander, supra.* [12]

---

[12] In 1989, HRS § 607–9 was amended to read as follows:

> **Cost charges exclusive; disbursements.** No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Act 4, § 1, 1989 Haw. Sess. Laws 4. The amendment abrogates nearly all the case law regarding costs, but cannot be applied in this case, as the judgment antedated the amendment.

The court also awarded $375.55 for deposition costs. However, deposition costs are only recoverable if the depositions were necessarily obtained for use in the trial. *Nani Koolau Co. v. K & M Constr., Inc.*, 5 Haw. App. 137, 681 P.2d 580 (1984). On remand, the court must make that determination. *Id.*

## CONCLUSION

We vacate the following cost awards: court reporting charges, $1,678.38; Westlaw computer research, $364.05; expert consultant fees, $166.40; postage, $87.07; and deposition costs, $375.55. The matter of Plaintiff's recovery of deposition costs is remanded for determination of whether the depositions were necessarily obtained for use in the trial. In all other respects, the judgment is affirmed.

*Donald R. Cochran*, Trustee, appellant pro se, on the briefs.
*Clyde Wm. Matsui, Randall Y.S. Chung, Kevin P.H. Sumida, Gary W.B. Chang, Michael N. Tanoue, Cary T. Tanaka* (Clyde Wm. Matsui, A Law Corporation, of counsel) on the brief for plaintiff–appellee.
*Edward C. Kemper* and *Mary Blaine Johnston* on the amicus curiae brief for American Civil Liberties Union of Hawaii Foundation.