NO. 28007


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


VOJTECH MALASEK, Plaintiff-Appellant, v.
JESSICA NOLEN and ANTONIO ROLLY ORR,
Defendants-Appellees


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CIVIL NO. 3RC 04-1-071H)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over Plaintiff-Appellant Vojtech Malasek's (Malasek) appeal of (1) the judgment entered February 1, 2006, by the District Court of the Third Circuit, South Kohala Division[1] (district court) in favor of Defendants-Appellees Jessica Nolen and Antonio Rolly Orr (Appellees) and (2) the June 13, 2006 order, which denied Malasek's motion to set aside the judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2006) authorizes appeals to the intermediate court of appeals (ICA) only from final judgments, orders, and decrees. A judgment is final and appealable when it "ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated[.]" Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999). Conversely, "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Cho v. State, 115 Hawai'i 373, 383, 168 P.3d 17, 27 (2007).

---

[1]  The Honorable Matthew S.K. Pyun presided.

The district court's February 1, 2006 judgment does not adjudicate all of the parties' claims. The February 1, 2006 judgment grants default judgment to Appellees on their counterclaims and dismisses Malasek's "initial complaint for rent." It does not, however, resolve the claim for "[r]eplevin of (12) paintings and other things" that Malasek alleges were taken when Appellees moved out and that was also pleaded in the complaint. As such, under the judgment entered on February 1, 2006, Malasek's rights in regard to the artwork remain undetermined.

The district court denied Malasek's motion to set aside the default judgment, finding that Malasek failed to demonstrate excusable neglect sufficient to invoke relief under Rule 60(b)(1) of the District Court Rules of Civil Procedure (DCRCP).

A motion for post-judgment relief under DCRCP Rule 60(b), like a motion for reconsideration pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b),[2] "is authorized only in situations involving final judgments." Cho, 115 Hawai'i at 382, 168 P.3d at 26 (quoting Crown Props., Inc. v. Fin. Sec. Life Ins., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) (internal quotation marks omitted) and citing Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990)). "Indeed, by its terms, Rule 60(b) only applies to a 'final judgment, order, or proceeding.'" Id.

Without the entry of a final judgment, post-judgment relief under DCRCP Rule 60(b) is not available. Id. at 383, 168 P.3d at 27. Because the February 1, 2006 default judgment was not a final judgment, the June 13, 2006 order is an interlocutory

---

[2] DCRCP Rule 60 can be interpreted by analogy to HRCP Rule 60. See Casumpang v. ILWU, Local 142, 94 Hawai'i 330, 337, 13 P.3d 1235, 1242 (2000) (applying same standard of review to application of HRCP 12(b)(1) and DCRCP 12(b)(1) because the two rules are substantially identical)

order.   Under HRS § 641-1(a), the ICA lacks jurisdiction to review the order.

Therefore,

IT IS HEREBY ORDERED that appellate court case number 28007 is dismissed for lack of appellate jurisdiction.

DATED:   Honolulu, Hawai'i, June 9, 2010.

On the briefs:

Robert D. Triantos
Edmund W.K. Haitsuka
Michael H. Schlueter,
(Carlsmith Ball),
for Plaintiff-Appellant.


Barbara L. Franklin,
for Defedants-Appellees.

Presiding Judge

Associate Judge

Associate Judge