**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000457
30-JUN-2021
07:52 AM
Dkt. 41 SO**

NO. CAAP-18-0000457

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SHALOM AMAR, Plaintiff-Appellee,
v.
JONATHAN WRIGHT and ELI WALDON, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CIVIL NO. 3RC171000405)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendants-Appellants Jonathan **Wright** and Eli **Waldon** appeal from the **Judgment for Possession** in favor of self-represented Plaintiff-Appellee Shalom **Amar**, entered by the District Court of the Third Circuit, Puna Division, on May 16, 2018.[1]  For the reasons explained below, we affirm the Judgment for Possession.

In May 2017 Amar filed a complaint against Wright and Waldon for breach of a commercial Shop/Boutique **Lease** and summary possession of the leased property.  A copy of the Lease was attached to the complaint.

Wright and Waldon answered Amar's complaint.  They did not deny the existence or authenticity of the Lease but they

---

[1]     The Honorable Harry P. Freitas presided.

alleged, among other things, that Amar "is not the owner of the property and has failed to name the real party in interest."

Amar represented himself at the trial.  The Lease was admitted into evidence.  The Warranty **Deed** for the leased property was also admitted into evidence.  The grantee under the Deed was "SHALOM AMAR, Trustee of the Shalom Amar Revocable Trust [(**Trust**)] dated May 18, 2000[.]"  Amar admitted that the leased property was owned by the Trust.

After Amar rested his case, Wright and Waldon moved to dismiss.  They argued that Amar — who was not a lawyer — could not represent the Trust, citing Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 265, 799 P.2d 60, 66 (1990) (holding that non-lawyer trustee may not represent trust in litigation without first introducing trust document to prove trustee was real party in interest as sole trust beneficiary).  The district court denied the motion, stating:

> When I look at the deed that you presented, the grantee is Shalom Amar Trustee of the Shalom Amar Revocable Trust.  The Grantee is not the Shalom Amar Revocable Trust.  So according to the deed, it's given to Shalom Amar as the Trustee.  Not to the Trust.  So I'm going to deny your request.

The district court entered the Judgment for Possession.  This appeal followed.

Wright and Waldon's sole argument on appeal is that the district court erred by allowing Amar to represent the Trust without first establishing he was the real party in interest, as required by Cochran.  We conclude that the district court did not err by denying Wright and Waldon's motion to dismiss, but for a reason different than that articulated by the district court.

Here, the Trust was not the plaintiff in the summary possession lawsuit.  The landlord under the Lease was Amar, individually, not as trustee of the Trust.  Amar was entitled to represent himself, as landlord, in the summary possession lawsuit.  Hawaii Revised Statutes § 605-2 (2016); In re Ellis, 53 Haw. 23, 29 n.12, 487 P.2d 286, 290 n.12 (1971); see also Amar v.

2

Wright, No. CAAP-18-0000631, 2019 WL 6998173, at *1 (Haw. App. Dec. 19, 2019) (SDO) ("Amar brought this summary possession action in his capacity as the landlord under the Restaurant Lease and not in his capacity as Trustee of the Shalom Amar Revocable Trust.").

Based upon the foregoing, the Judgment for Possession entered by the district court on May 16, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 30, 2021.

On the brief:

Ivan L. Van Leer,
for Defendants-Appellants
JONATHAN WRIGHT and
ELI WALDON.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge