**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000681
20-FEB-2026
08:03 AM
Dkt. 118 SO**

NO. CAAP-23-0000681

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LAVERNE S. RODRIGUES, Plaintiff-Appellee, v.
ANUSUYA SHAPLEY, Defendant-Appellant, and
YMAAS LLC, and ALLAN YOZA, Defendants-Appellees,
and
DOE DEFENDANTS, Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DRC-21-0001177)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

This appeal stems from a landlord-tenant dispute in which the trial court awarded summary possession to Plaintiff-Appellee Laverne S. Rodrigues (**Rodrigues**). Defendant-Appellant Anusuya Shapley (**Shapley**), self-represented, appeals from the Judgment for Possession and the Writ of Possession, both entered on August 15, 2023, in the District Court of the Third Circuit, Puna Division (**District Court**).[1]

On May 14, 2021, Rodrigues filed a complaint for summary possession of certain real property she owned (the **Property**) against Shapley and Defendants-Appellees YMAAS LLC (**YMAAS**) and Allan Yoza (**Yoza**) (collectively, **Tenants**). Rodrigues alleged that Tenants "have broken" the parties' written rental agreement by, among other things, modifying the Property's

---

[1] The Honorable Jeffrey A. Hawk presided.

plumbing, electrical wiring, and physical structure without obtaining proper permits under Hawaiʻi County Code chapters 5A, D, and F.  She further alleged that these actions violated Hawaii Revised Statutes (**HRS**) §§ 521-51, -52, and -72.

On November 5, 2021, Shapley, self-represented, filed a motion to dismiss the complaint (**Motion to Dismiss**), purportedly on behalf of both herself and YMAAS.  Then, on February 21, 2022, before the Motion to Dismiss was heard, YMAAS, which was then represented by counsel, filed an answer, counterclaim, and demand for jury trial.[2/]

On February 28, 2022, the District Court "noted [that the] demand for jury trial was filed on 02/21/22 and [the] matter will now be pursued under [circuit court case no.] 3CCV-22-54[.]" On October 24, 2022, the Circuit Court of the Third Circuit remanded Rodrigues's summary possession claim to the District Court.

On December 1, 2022, the District Court dismissed the summary possession claim as against Yoza because he had not been served within the required time.

On January 17, 2023, Rodrigues filed a motion to amend the complaint, which was heard and granted by the District Court. Rodrigues filed a First Amended Complaint on March 29, 2023.

Trial on the summary possession claim was held by the District Court on July 14 and August 11, 2023.  At the end of trial, the District Court stated, in relevant part:

> I'm ready to rule. I'm going to go ahead and grant the summary possession based on the credible testimony that I've heard and the exhibits, reviewing the exhibits and taking judicial notice of Hawaii County Code Subsection 5, 5(d) and 5(e), as well as [Rodrigues's counsel's] two trial memorandums.
>
> . . . .
>
> . . . [Construing HRS §§ 521-51 and 521-69]:  If the tenant is in immaterial [sic] noncompliance with Section 521-51, the landlord upon learning of any such noncompliance and after notifying the tenant in writing of the noncompliance and allowing a specified time not less than

---

[2/]    Shapley filed a separate answer and demand for jury trial on April 7, 2022.

ten days after receipt of notice for the tenant to remedy the noncompliance, that person may terminate the rental agreement and bring a summary proceeding for possession of the dwelling unit or any other proper proceeding, action, or suit for possession if the material -- if the tenant is in immaterial [sic] noncompliance with 521-51(1).

So I'm finding that the tenant did not comply with the applicable building and housing laws materially affecting the health and safety by adding the un-permitted toilets, adding an un-permitted kitchen, dumping gray water into the yard, running sewer pipes over the floor. There was never any cure despite years of ability to do that.

The rent does not matter in this case. The bills do not matter. The mold does not matter. There was a material breach of the existing contract that was caused by the tenants, Shapley and YMAAS, by doing the renovations without the permits.

So pursuant to HRS 521-51, 521-69, I'm going to grant the eviction. Plaintiff is to prepare the order granting the summary possession, writ of possession, and judgment for possession. It will be effective forthwith.

The Judgment for Possession and the Writ of Possession were subsequently entered.

On appeal, Shapley appears to contend that the District Court: (1) lacked jurisdiction because the parties' rental agreement "function[ed] as a management agreement with an intent to purchase" and was exempt from the requirements of HRS Chapter 521, the Residential Landlord-Tenant Code; (2) should have dismissed the case after dismissing Yoza because of the court's inability to provide relief; (3) ruled based on "extraneous matters" such as "permitting for property improvements"; (4) ruled based on "inadequate evidence" and Defendants' failure to secure permits, which "falls solely within the province of the property owner"; (5) took Rodrigues's testimony as credible "without sufficient corroborating evidence" and despite her "significant financial interest in the outcome" and her "pattern of dishonesty"; (6) exhibited bias in referring to "past cases and comments from past tenants regarding Defendant's property management style"; and (7) based the judgment on a "misrepresentation" in Rodrigues's trial memorandum.[3]

---

[3] Shapley's points of error have been restated and condensed for clarity. We note that Shapley's opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7). In particular, Shapley fails to provide: (1) a "concise
(continued...)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Shapley's contentions as follows, and affirm.

(1) Shapley contends that "[t]he nature of the agreement, although labeled a 'Rental agreement,' was never intended for lessees to reside on the [P]roperty, instead functioning as a management agreement with an intent to purchase, thus falling outside the jurisdiction of the District Court's summary proceedings under the tenant landlord code."

Shapley's November 5, 2021 Motion to Dismiss asserted in part that the parties' rental agreement reflected the Tenants' intent to purchase the Property and that "some" of the issues in the case "involve title to the [P]roperty." To the extent that Shapley was attempting to raise a defense that involved title to the Property, however, it does not appear that her related declaration met all of the requirements of District Court Rules of Civil Procedure (**DCRCP**) Rule 12.1.[4]

---

[3] (...continued)
statement of the points of error" (emphasis added), as required by HRAP Rule 28(b)(4); (2) a statement of "where in the record the alleged error[s were] objected to or the manner in which the alleged error[s were] brought to the attention of the court[,]" as required by HRAP Rule 28(b)(4)(iii); and (3) "citations to the . . . parts of the record relied on[,]" as required by HRAP Rule 28(b)(7). In addition, the argument section is conclusory and often difficult to discern. Shapley's "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the circuit court's judgment." Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004) (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001)). Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan, 104 Hawaiʻi at 180-81, 86 P.3d at 989-90 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). We thus address Shapley's arguments to the extent discernible.

[4] DCRCP Rule 12.1 provides:

*Pleadings*. Whenever, in the District Court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature
(continued...)

In any event, Shapley did not establish that there was a purchase agreement. In its ruling at the end of trial, the District Court stated: "There are two leases in evidence, No. 47, the ten-year lease which ends December 21st of 2027; No. 49 -- Exhibit 49 is a second lease which ends December 21st of 2022." Both documents are entitled "Rental Agreement," identify the "TENANTS" as YMAAS, Yoza and Shapley, and include terms for "RENT" and "OCCUPANCY." With respect to occupancy, both documents indicate a "Fixed Rental Agreement" – Exhibit 47, for a period of ten years, and Exhibit 49 for a period of five years, with an option to renew for an additional five years. Both documents also state: "Tenant intention is to purchase the [P]roperty." The latter statement, however, which does not specify any terms of sale, is not an enforceable agreement. See Globalmart, Inc. v. Posec Hawaiʻi, Inc., No. 28249, 2012 WL 1650697, at *7 (Haw. App. May 10, 2012) (mem. op.) (agreements to agree are unenforceable). And Shapley points to no evidence in the record that otherwise established that the parties entered into a purchase agreement.

Shapley also failed to establish that the parties' rental agreement was exempt from the requirements of HRS Chapter 521. That chapter "applies to rights, remedies, and obligations of the parties to any residential rental agreement wherever made of a dwelling unit within this State."[5] HRS § 521-6 (2006) (emphasis added). Here, both versions of the parties' rental agreement (see supra) evidenced a residential rental agreement of a dwelling unit within Hawaiʻi, and Shapley points to no evidence that shows otherwise. Shapley did not establish that any of the exclusions in HRS §521-7 applied – in particular, that she occupied the Property under a "bona fide contract of sale" or as

---

[4] (...continued)
of defendant's claim.

[5] Under HRS § 521-8 (2006), "'[r]ental agreement' means all agreements, written or oral, which establish or modify the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of a dwelling unit and premises"; "'[d]welling unit' means a structure, or part of a structure, which is used as a home, residence, or sleeping place by one person or by two or more persons maintaining a common household, to the exclusion of all others."

"the prospective purchaser after an accepted offer to purchase
. . . ." §521-7(3), (8) (2006).  Shapley argues that she was not
intended to reside on the Property, but that would not render HRS
Chapter 521 inapplicable, as the rental agreement established
terms concerning the use and occupancy of the Property, including
Shapley's right to occupy the Property.

On this record, we conclude that the District Court had
jurisdiction over Rodrigues's summary possession claim under HRS
§ 604-5(a) (2016).

(2) Shapley contends that the District Court should
have dismissed the case after dismissing Yoza "because of the
court[']s inability to provide relief, since the occupants at the
property were under leases signed by [him] . . . ."

Shapley's argument is conclusory, lacks supporting
legal authority, and relies on factual assertions without
supporting references to the record.  See HRAP Rule 28(b)(4),
(7).  To the extent Rodrigues sought summary possession of the
Property as against Shapley, she was able to obtain it.  To the
extent Shapley makes unsupported factual assertions regarding
occupants of the Property, we "are not obligated to search the
record to crystalize [Shapley's] arguments[.]" Haw. Ventures,
LLC v. Otaka, Inc., 114 Hawaiʻi 438, 469 n.16, 164 P.3d 696, 727
n.16 (2007) (quoting Kienker v. Bauer, 110 Hawaiʻi 97, 104 n.12,
129 P.3d 1125, 1132 n.12 (2006)).  In any event, Shapley has not
provided a sufficient record for our review of the alleged error,
as the only trial transcript she ordered was a partial transcript
of her own cross-examination and the District Court's oral ruling
at the end of trial.  See HRAP Rule 10(b) (making it the
appellant's responsibility to include in the record on appeal
transcripts of the pertinent oral proceedings conducted by the
trial court); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230,
909 P.2d 553, 558 (1995) ("The burden is upon appellant in an
appeal to show error by reference to matters in the record, and
he or she has the responsibility of providing an adequate
transcript." (brackets omitted) (quoting Union Bldg. Materials
Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87
(1984))).  We therefore disregard the asserted error.  See

6

Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60, 67 (1990).

(3) Shapley contends that the District Court improperly ruled based on "extraneous matters, such as permitting for property improvements[,]" which "is not addressed in the lease agreement and thus is not within the jurisdiction of the District Court."

As explained above, the parties' rental agreement was subject to the requirements of HRS Chapter 521.  HRS § 521-51(1) (2006) provides that "[e]ach tenant shall at all times during the tenancy . . . [c]omply with all applicable building and housing laws materially affecting health and safety[.]"  (Formatting altered.)  Based on the evidence presented at trial, the District Court found that "the tenant did not comply with the applicable building and housing laws materially affecting the health and safety by adding the un-permitted toilets, adding an un-permitted kitchen, dumping gray water into the yard, running sewer pipes over the floor."  This was not an "extraneous matter" and was not outside the court's jurisdiction.

(4)-(5) Shapley contends that the District Court ruled based on "inadequate evidence" and Defendants' failure to secure permits.  She also argues that the District Court took Rodrigues's testimony as credible "without sufficient corroborating evidence" and despite her "significant financial interest in the outcome" and her "pattern of dishonesty."

Again, Shapley's argument is conclusory, lacks supporting legal authority, and relies on factual assertions without supporting references to the record.  See HRAP Rule 28(b)(4), (7).  As discussed above, the court's finding that Tenants failed to comply with applicable building and housing laws materially affecting health and safety was relevant to the summary possession claim.  In any event, Shapley has not provided a sufficient record for our review of the alleged errors, which challenge the sufficiency and weight of the evidence.[6/]  See

_____

[6/]    To the extent that Shapley challenges Rodrigues's credibility at trial, we further note that "[a]n appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight
(continued...)

supra; HRAP Rule 10(b); <u>Bettencourt</u>, 80 Hawai'i at 230, 909 P.2d at 558. We therefore disregard the asserted errors. <u>See</u> <u>Tradewinds Hotel</u>, 8 Haw. App. at 266, 799 P.2d at 67.

(6) Shapley contends that the District Court exhibited bias in referring to "past cases and comments from past tenants regarding Defendant's property management style."

> [W]here judicial misconduct or bias deprives a party of the impartiality to which he or she is entitled, a new trial may be required. However, reversal on the grounds of judicial bias or misconduct is warranted only upon a showing that the trial was unfair. <u>See</u> <u>[Handgards]</u>, <u>Inc. v. Ethicon, Inc.</u>, 743 F.2d 1282, 1289 (9th Cir.1984) (citations omitted), <u>cert. denied</u>, 469 U.S. 1190 . . . (1985). Unfairness, in turn, requires a clear and precise demonstration of prejudice. <u>See</u> <u>Mahoney v. Mitchell</u>, 4 Haw. App. 410, 418, 668 P.2d 35, 40–41 (1983) . . . .

<u>Aga v. Hundahl</u>, 78 Hawai'i 230, 242, 891 P.2d 1022, 1034 (1995).

Here, while the District Court was explaining his ruling, Shapley asserted, "I think you're using hearsay from other things[,]" and referred to "your bias in other cases." The District Court responded: "I am not. I'm telling you right now, I have not considered any of that in my decision making." On this limited record, Shapley has not shown that the trial was unfair or otherwise made a clear and precise demonstration of prejudice.

(7) Shapley contends that the District Court based the judgment against her on a "misrepresentation" in Rodrigues's trial memorandum, apparently inferred from the fact that the memorandum did not include the "full county building code."

Again, Shapley's argument is conclusory, lacks supporting legal authority, and relies on factual assertions without supporting references to the record. <u>See</u> HRAP Rule 28(b)(4), (7). In any event, Shapley has not provided a sufficient record for our review of the alleged error, and we therefore disregard it. <u>See</u> <u>supra</u>; HRAP Rule 10(b); <u>Bettencourt</u>, 80 Hawai'i at 230, 909 P.2d at 558; <u>Tradewinds Hotel</u>, 8 Haw. App. at 266, 799 P.2d at 67.

---

[6]/ (...continued)
of the evidence because this is the province of the trial judge." <u>Porter v. Hu</u>, 116 Hawai'i 42, 59–60, 169 P.3d 994, 1011–12 (App. 2007) (quoting <u>State v. Eastman</u>, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)).

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

For the reasons discussed above, the Judgment for Possession and the Writ of Possession, both entered on August 15, 2023, in the District Court of the Third Circuit, Puna Division, are affirmed.

DATED:  Honolulu, Hawai'i, February 20, 2026.


On the briefs:

Anusuya Shapley,
Self-reprsented Defendant-
Appellant.

William Dean
(Ohana Law Firm)
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge