**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000312
13-APR-2026
08:07 AM
Dkt. 29 SO**

NO. CAAP-24-0000312

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RUSSELL HONMA, Plaintiff-Appellant v.
SHEANA K. AANA, MAHINA K. HOMALON, SAMSON M.
AND UILLANI K. AANA, Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DRC-23-0001555)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

This appeal stems from a landlord-tenant dispute in which the trial court dismissed without prejudice self-represented Plaintiff-Appellant Russell Honma's (**Honma**) complaint for summary possession, unpaid rent, and damages against Defendants-Appellees Sheana K. Aana, Mahina K. Homalon, Samson M. Aana, and Uillani K. Aana (together, **Defendants**). Honma appeals from the Order Granting Dismissal Without Prejudice of All Claims in Complaint Filed October 3, 2023 (**Dismissal Order**), entered on March 23, 2026, by the District Court of the Third Circuit, North and South Hilo Division (**District Court**).[1] Following a March 20, 2024 bench trial, the District Court orally dismissed Honma's complaint without prejudice because he "filed [the] matter

---

[1] The Honorable M. Kanani Laubach presided.

prematurely . . . ."[2]  The Dismissal Order similarly states that "[t]he claims were not ripe upon filing the complaint."

On appeal, Honma appears to contend that the District Court erred in dismissing the complaint without prejudice because "[Honma] has given more sufficient time then [sic] 45 days notice to vacant [sic] the house on the month-to-month rental."[3]  He argues that "the Defendant never moved out and clean out the house, making damages to the house . . . ."  No answering brief was filed.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Honma's contentions as follows and affirm.

The complaint, along with the attached eviction notice and rental agreement, indicated that Defendants became month-to-month tenants of Honma's property in 2019 at the end of a fixed term that began on November 1, 2018.[4]  The eviction notice, dated September 15, 2023, stated, among other things, that "[w]ithin 45 days of the next payment date, you are hereby required to quit and deliver possession of the Premises in accordance with your Lease."  Honma alleged in the complaint that the eviction notice "was given to Defendant on . . . Sept[ember] 15, 2023, . . . to correct this situation as follows: . . . 45-day termination of

---

[2]  On March 20, 2026, we temporarily remanded the case to the District Court for entry of an appealable dismissal order, which was then entered on March 23, 2026.

[3]  Honma's opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  In particular, Honma fails to provide: (1) "[a] concise statement of the points of error set forth in separately numbered paragraphs[,]" as required by HRAP Rule 28(b)(4); and (2) a statement of "where in the record the alleged error[s were] objected to or the manner in which the alleged error[s were] brought to the attention of the court," as required by HRAP Rule 28(b)(4)(iii).  In addition, Honma's argument is difficult to discern and fails to provide citations to relevant authorities.  HRAP Rule 28(b)(7).  Nevertheless, Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004)).  We thus address Honma's arguments to the extent discernible.

[4]  The March 20, 2024 court minutes indicate that Honma's exhibits 1 and 2, the rental agreement and the eviction notice, respectively, were offered and entered into evidence at trial with no objection.

month-to-month tenancy . . . ."   (Capitalization altered.)

Based on Honma's argument, it appears that the District Court may have dismissed the complaint, at least in part, because it was filed on October 3, 2023, before the expiration of the 45-day notice given in the eviction notice, in violation of Hawaii Revised Statutes (**HRS**) § 521-71(a).[5]   The dismissal without prejudice would have allowed Honma to file a new complaint in compliance with the statute.

We are otherwise unable to review the alleged error by the District Court, as Honma has not provided a sufficient record for that purpose.   In particular, the record does not include a transcript of any part of the March 20, 2024 trial.   See Hawaiʻi Rules of Appellate Procedure Rule 10(b) (making it the appellant's responsibility to include in the record on appeal transcripts of the pertinent oral proceedings conducted by the trial court); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230,

---

[5]      HRS § 521-71(a)(2018) states, in relevant part:

>      (a) When the tenancy is month-to-month, the landlord may terminate the rental agreement by notifying the tenant, in writing, at least forty-five days in advance of the anticipated termination.  When the landlord provides notification of termination, the tenant may vacate at any time within the last forty-five days of the period between the notification and the termination date, but the tenant shall notify the landlord of the date the tenant will vacate the dwelling unit and shall pay a prorated rent for that period of occupation.

>              . . . .

>      (e) Whenever the term of the rental agreement expires, whether by passage of time, by mutual agreement, by the giving of notice as provided in subsection (a), (b), (c), or (d) or by the exercise by the landlord of a right to terminate given under this chapter, if the tenant continues in possession after the date of termination without the landlord's consent, the tenant may be liable to the landlord for a sum not to exceed twice the monthly rent under the previous rental agreement, computed and prorated on a daily basis, for each day the tenant remains in possession.  The landlord may bring a summary proceeding for recovery of the possession of the dwelling unit at any time during the first sixty days of holdover.  Should the landlord fail to commence summary possession proceedings within the first sixty days of the holdover, in the absence of a rental agreement, a month-to-month tenancy at the monthly rent stipulated in the previous rental agreement shall prevail beginning at the end of the first sixty days of holdover.

(Emphases added.)

909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).  We therefore disregard any asserted error based on the evidence presented at trial or the district court's related reasoning for dismissing the case.  See Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60, 67 (1990).

      For these reasons, the March 23, 2026 Dismissal Order is affirmed.

      DATED:  Honolulu, Hawaiʻi, April 13, 2026.


On the brief:

Russell Honma,
Self-represented Plaintiff-
Appellant.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge